BLAIR *v.* ST. LOUIS, H. & K. R. Co. and others. (WALKER and another, Intervenors.)[1]

*(Circuit Court, E. D. Missouri. June 16, 1885.)*

RECEIVERS—PROSECUTION OF SUIT TO ENFORCE STATUTORY LIEN ON MORTGAGED PROPERTY IN RECEIVER'S HANDS WITHOUT LEAVE OF COURT.

Where, during the pendency of a suit in a state court to enforce a statutory lien on mortgaged railroad property, for work done and materials furnished, foreclosure proceedings are instituted here, and a receiver is appointed and takes possession, and the plaintiff in the first suit continues to prosecute it without obtaining the leave of this court, and finally obtains judgment and is decreed to be entitled to a lien for the amount due him on such property, this court will not entertain a petition to have such judgment declared a lien on the property in its receiver's hands, paramount to that of mortgage creditors.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

In Equity. Foreclosure suit. Demurrer to intervenors' petition. The petition states that, prior to the institution of foreclosure proceedings herein, the intervenors brought suit in the circuit court of Pike county, Missouri, to enforce their statutory lien for money due them for work done and materials furnished in constructing trestles, bridges, etc., along the line of the St. Louis, Hannibal & Keokuk Railroad Company's road; that after foreclosure proceedings were instituted herein against said road, and a receiver appointed, they gave notice to said receiver of the pendency of their suit, and continued to prosecute the same until they obtained judgment and were decreed to be entitled to a lien upon said road for the amount due them. And the petitioners pray that said judgment be declared a lien on said company's property now in the receiver's hands, paramount to the mortgage sued on by the complainant.

The trustee and receiver both demur to the petition upon the following grounds, viz.: "(1) That the said petition does not state facts sufficient to constitute a cause of action; (2) that the said petition does not state a cause of action against the property and assets of said railroad company now in the hands of the said receiver superior to the lien of the mortgage now being foreclosed in this court by the said trustee; (3) that the judgment mentioned in said petition was obtained against the said railroad company subsequent to the appointment of the said receiver by this court; (4) that said petition does not state that said trustee and receiver were ever made parties defendant to the said action on which said judgment was recovered in the said Pike county circuit court."

*Biggs & Reynolds, Jas. Carr*, and *Fogg & Hatch*, for petitioners.
*Walter C. Larned* and *Theodore G. Case*, for trustee.
*John O'Grady*, for receiver.

TREAT, J., (*orally*.) In the case of *Walker* v. *St. Louis, H. & K. R. Co.*, a demurrer was interposed to the intervening petition. The question could have been raised, perhaps, more satisfactorily in the way of practice, on an application for leave to file; but there is enough here to enable the court to say that it will not entertain the petition. The parties preferred to proceed in the state court without the leave of this court, and they must lie in the bed which they have made. This court will not help them. The demurrer will be sustained.